UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL VAREEN AND<br>MARTHA VAREEN | CIVIL ACTION |
| VERSUS | NO. 19-318-SDD-EWD |
| MARTIN TRANSPORT INC.,<br>RICKY H. FISHER AND ACE<br>AMERICAN INSURANCE COMPANY | |

**NOTICE AND ORDER**

This is a civil action involving claims for damages based upon the injuries allegedly sustained by Plaintiffs Michael Vareen ("Michael") and Martha Vareen ("Martha") (collectively, "Plaintiffs") on April 2, 2018 on Interstate 10 in West Baton Rouge Parish, Louisiana when Plaintiffs' vehicle was rear-ended by the 18 wheeler tractor/trailer driven by Defendant Rickey H. Fisher ("Fisher"), owned by Defendant Martin Transport, Inc. ("Martin"), and insured by Defendant Ace American Insurance Company ("Ace") (collectively, "Defendants").[1] On or about March 29, 2019, Plaintiffs filed their Petition for Damages ("Petition") against Defendants in the Eighteenth Judicial District Court for the Parish of West Baton Rouge.[2] On May 17, 2019, Defendants removed the matter to this Court asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[3]

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court.

---

[1] R. Doc. 1-2, ¶¶ II, IV.
[2] R. Doc. 1-2.
[3] R. Doc. 1, ¶ IV.

The Notice of Removal alleges that Plaintiffs are domiciliaries of Louisiana, Fisher is a domiciliary of Tennessee, Martin is a Texas corporation with its principal place of business in Texas, and Ace is a Pennsylvania corporation with its principal place of business in Pennsylvania; therefore, complete diversity of citizenship appears to exist.[4]

However, it is not clear from the Notice of Removal or the Petition whether Plaintiffs' claims likely exceed $75,000, exclusive of interest and costs.[5] The Petition alleges that Fisher's 18-wheeler "suddenly and without warning…ran into the back of the vehicle driven by Michael Vareen and violently with full force of impact, causing your petitioners bodies to be tossed about the vehicle."[6] Plaintiffs allege the following injuries:

> VII.
> As a direct result of the above-described accident, your petitioners, MICHAEL VAREEN and MARTHA VAREEN, suffered severe injuries to the muscles, ligaments, tendons, blood vessels, nerves, and other soft tissue structures of the cervical, lumbar and thoracic regions of the spine, injuries to the nervous system and psyche; aggravation, precipitation and/or the exacerbation of prior existing non-deliberating predispositions, and including without limitation, normal degenerative changes.[7]

In connection with these injuries, Plaintiffs claim "severe physical pain and suffering as well as keen mental and emotional anguish and distress; she has incurred expenses for medical care and treatment which she otherwise would not have incurred; she ultimately lost wages both past, present, and future and her earning capacity has been diminished; and she has been handicapped in her normal activities," as well as costs and interest.[8] Plaintiffs aver that these

---

[4] R. Doc. 1, ¶¶ IV (B)-(E).
[5] *See* 28 U.S.C. §1332(a).
[6] R. Doc. 1-2, ¶ IV.
[7] R. Doc. 1-2, ¶ VII.
[8] R. Doc. 1-2, ¶ VIII and prayer for damages.

2

conditions "may continue, worsen, or become permanent," "and the full residuals and sequelae of her injuries are as yet not fully known but have been and will be severe."[9]

In the Notice of Removal, Defendants allege that "Plaintiffs' allegations if accepted as true, may garner an award in excess of $75,000, exclusive of interest and costs," and "it is facially apparent from plaintiffs' petition that the amount in controversy exceeds $75,000, exclusive of interest and costs" because "plaintiffs failed to allege that an amount less than $75,000 is being sought" in accordance with La. C.C.P. art. 893.[10]

The foregoing does not provide enough information to determine if Plaintiffs' claims will likely exceed $75,000 exclusive of interest and costs. First, Plaintiffs' general allegations of "severe physical pain and suffering," "severe injuries" to muscles, ligaments, tendons, etc. of the cervical/lumbar/thoracic regions of the spine, "injuries to the nervous system and psyche" and demands for general categories of damages (*e.g.*, medical expenses, physical pain and suffering, lost wages, and mental anguish, etc.)[11] are insufficient to establish the amount in controversy. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *Davis v. JK & T Wings, Inc.*, and cases cited therein.[12]

In this case, there is no description of any of the actual injuries suffered by either of the Plaintiffs, the nature of Plaintiffs' medical treatment, the actual amount of medical expenses Plaintiffs have incurred thus far, the nature of Martha's alleged "handicap[]  in her normal

---

[9] R. Doc. 1-2, ¶ VIII.
[10] R. Doc. 1, ¶ IV (F) and (G).
[11] R. Doc. 1-2, ¶¶ VII-VIII.
[12] No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012).

activities," Plaintiffs' prognosis and recommended future treatment, and whether Plaintiffs are working/can work. Defendants have not offered any specific medical information regarding Plaintiffs' injuries, treatment, prognosis, and expenses in support of the amount in controversy. There is also no evidence of any settlement demands, discovery responses, or relevant documents produced in discovery that would have bearing on the amount in controversy.

Further, Defendants' reliance on Plaintiffs' failure to allege that they are seeking less than $75,000 as required by La. C.C.P. art. 893[13] is also insufficient to establish the amount in controversy. A Plaintiff's omission of such a statement regarding damages may be considered, but it is not determinative of whether the amount in controversy is met.[14] Likewise, while Plaintiffs' demand for a jury trial in the Petition indicates that Plaintiffs seek at least $50,000 in damages,[15] it is not dispositive of whether Plaintiffs' claims likely exceed $75,000, exclusive of interest and costs.[16] Based on the foregoing and taken as a whole, it is not apparent from either the Notice of Removal or the Petition whether Plaintiffs' claims are likely to exceed $75,000, exclusive of interest and costs.

---

[13] R. Doc. 1-3, p. 1.
[14] *See Ford v. State Farm Mut. Auto. Ins. Co.,* No. 08-403, 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009) ("[A]ll three U.S. District Courts in the State of Louisiana have recognized that the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy. *See, Weber v. Stevenson,* 2007 WL 4441261 (M.D.La. 2007)(While the failure to include an allegation in the state court petition that one's damages are less than the federal jurisdictional minimum in accordance with La. C.C.P. art. 893 is entitled to 'some consideration,' it is not, in and of itself, determinative of the amount in controversy.")
[15] *See* La. C.C.P. art. 1732 ($50,000 threshold for jury trials).
[16] *Cummings v. Winn-Dixie Montgomery, LLC,* No. 15-195, 2015 WL 4772185, at *3 (M.D. La. Aug. 12, 2015) *citing Brown v. Richard,* No. 00-1982, 2000 WL 1653835, at *4 (E.D.La. Nov. 2, 2000) ("jury demand for state court can be a factor in determining whether the amount in controversy requirement for federal jurisdiction is satisfied" but alone is not controlling to satisfy the jurisdictional requirement). *See also, Johnson v. Sullivan Transfer Co.,* No. 97-0239, 1997 WL 256639, at *3 (E.D. La. May 14, 1997) ("While it is true there is a jury demand, that no longer provides 'proof' of an amount in controversy sufficient to meet the requirements for diversity jurisdiction in federal court as the amount in controversy must be $25,000 more than the $50,000 required for a jury demand under Louisiana procedural law.")

Although Plaintiffs have not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the amount in controversy requirement has been met.[17]

Accordingly,

**IT IS HEREBY ORDERED** that on or before **June 3, 2019**, Defendants Rickey H. Fisher, Martin Transport, Inc., and Ace American Insurance Company shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED** that on or before **June 10, 2019**, Plaintiffs Michael and Martha Vereen shall file either: (1) a Notice stating that Plaintiffs do not dispute that Defendants have established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, May 24, 2019.

                      **ERIN WILDER-DOOMES**
                      **UNITED STATES MAGISTRATE JUDGE**

---

[17] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").