# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MICHAEL VAREEN, ET AL.**            **CIVIL ACTION NO.**

**VERSUS**            **19-318-SDD-EWD**

**RICKY FISHER, ET AL.**

## NOTICE AND ORDER ON PETITION FOR INTERVENTION

Before the Court is a Petition for Intervention,[1] filed by the law firm of Didriksen, Saucier & Woods, PLC ("Proposed Intervenor"). For the reasons set forth below, the Petition for Intervention is hereby **STRICKEN FROM THE RECORD**, without prejudice to Proposed Intervenor re-filing the proposed Petition for Intervention with a motion for leave that comports with the requirements of this Order.

Plaintiffs Michael Vareen ("Michael") and Martha Vareen ("Martha") (collectively, "Plaintiffs") have asserted claims for damages arising out of an accident that occurred on April 2, 2018 on Interstate 10 in West Baton Rouge Parish, Louisiana when Plaintiffs' vehicle was rear-ended by the 18-wheeler tractor/trailer driven by Defendant Rickey H. Fisher ("Fisher"), owned by Defendant Martin Transport, Inc. ("Martin"), and insured by Defendant Ace American Insurance Company ("Ace") (collectively, "Defendants").[2] On or about March 29, 2019, Plaintiffs filed their Petition for Damages ("Petition") against Defendants in the Eighteenth Judicial District Court for the Parish of West Baton Rouge.[3] On May 17, 2019, Defendants removed the matter to this Court asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[4] The Notice

---

[1] R. Doc. 20.
[2] R. Doc. 1-2, ¶¶ II, IV.
[3] R. Doc. 1-2.
[4] R. Doc. 1, ¶ IV.

of Removal alleges that Plaintiffs are domiciliaries of Louisiana, Fisher is a domiciliary of Tennessee, Martin is a Texas corporation with its principal place of business in Texas, and Ace is a Pennsylvania corporation with its principal place of business in Pennsylvania; therefore, complete diversity of citizenship exists.[5] The amount in controversy was not facially apparent from the Petition or Notice of Removal. However, in response to orders from the undersigned, Plaintiffs ultimately confirmed that their claims exceed the requisite jurisdictional threshold,[6] and therefore, the amount in controversy is met.

On September 24, 2019, Proposed Intervenor filed the instant Petition for Intervention, wherein it asserts that it is Plaintiffs' former counsel of record pursuant to a contingency fee contract for which it would receive "a contingency fee based on recovery, plus all costs and out-of-pocket expenses in connection with this litigation" and that Plaintiffs "pledged part of the value of the claim" to Proposed Intervenor. Proposed Intervenor asserts that it was assigned an interest of 33-1/3% in Plaintiffs' claims, but that Plaintiffs discharged Proposed Intervenor "without lawful cause." Proposed Intervenor asserts that it is entitled to its full fee from any judgment or settlement obtained by Plaintiffs herein; however, Proposed Intervenor asserts that, if it is not awarded its full 33-1/3% fee plus costs, it is entitled to a "quantum merit recovery" plus costs from any award to Plaintiffs.[7]

As an initial matter, Proposed Intervenor's filing suffers from several procedural defects. First, Fed. R. Civ. P. 24 requires the filing of a timely motion to intervene by a party seeking to intervene. Second, Local Rule 7(e) requires that a party seeking to intervene must attempt to obtain consent for the motion from all parties having an interest to oppose, and include a certificate stating

---

[5] R. Doc. 1, ¶¶ IV (B)-(E).
[6] R. Doc. 11.
[7] R. Doc. 20, ¶¶ III-VII.

the position of the other parties in the motion. The Petition for Intervention was not filed pursuant to a properly-filed motion for leave[8] nor does it contain the required certificate of conference. Accordingly, the Petition for Intervention is stricken from the record, without prejudice to the re-filing of an amended Petition for Intervention pursuant to a properly-filed motion for leave that contains the required certificate of conference (in addition to the information below).

As pled, the Court cannot determine if subject matter jurisdiction exists over Proposed Intervenor's claims. Proposed Intervenor failed to plead its citizenship in the Petition for Intervention.[9] Because subject matter jurisdiction is premised on 28 U.S.C. § 1332, the undersigned must consider whether allowing Proposed Intervenor to intervene "would be inconsistent with the jurisdictional requirements of section 1332."[10] In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation."[11] It appears that Proposed Intervenor is a corporation, and thus, it must allege its principal places of business and state(s) of incorporation in its proposed Petition for Intervention. Second, it is not apparent from the Petition for Intervention whether Proposed Intervenor's claims satisfy the amount in controversy requirement, or if Proposed Intervenor is more properly aligned as a plaintiff intervenor or as a defendant intervenor in this matter.[12] Accordingly, Proposed Intervenor shall file a memorandum in support

---

[8] The pleading was docketed as a "Motion to Intervene," but the pleading is not a motion. It is the proposed Petition for Intervention. *See* R. Doc. 20.
[9] While it appears that Proposed Intervenor is a New Orleans-based law firm and is thus likely a citizen of Louisiana, the Court cannot assume Proposed Intervenor's citizenship. Proposed Intervenor must specifically plead its citizenship so that the Court can determine if subject matter jurisdiction exists.
[10] 28 U.S.C. § 1367(b): "In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule … 24 of the Federal Rules of Civil Procedure, or over claims by persons … seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332."
[11] *Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988).
[12] *See, e.g., Griffin v. Lee*, 621 F.3d 380 (5th Cir. 2010) (intervening attorney was properly aligned as an intervenor plaintiff; district court lacked supplemental jurisdiction over intervening attorney's claim for fees); *Samuels v. Twin City,* 602 Fed.Appx. 209 (5th Cir. 2015) (same); *cf. Tolliver v. U-Haul Co. of Texas*, No. 09-313, 2017 WL 9565856,

of its motion for leave to intervene, specifically addressing (1) its claims for intervention in connection with the amount in controversy requirement of 28 U.S.C. § 1332, and (2) its proposed alignment in this case. Any other interested party may also file a memorandum addressing these issues.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition for Intervention filed by proposed Intervenor Didriksen, Saucier & Woods, PLC is **STRICKEN FROM THE RECORD** as procedurally improper. Proposed Intervenor may re-file its Petition for Intervention pursuant to a properly-filed motion for leave to intervene that contains the certificate of conference required by Local Rule 7(e) and the information described above. Proposed Intervenor's memorandum in support of the motion for leave to intervene shall be limited to ten (10) pages and shall address Proposed Intervenor's (1) claims for intervention in connection with the amount in controversy requirement of 28 U.S.C. § 1332, and (2) proposed alignment in this case and any other interested party. Any other party may also file a memorandum addressing these issues. The motion for leave and any memoranda addressing these issues shall be filed by no later than **October 15, 2019.**

Signed in Baton Rouge, Louisiana, October 2, 2019.

          */s/ Erin Wilder-Doomes*
          **ERIN WILDER-DOOMES**
          **UNITED STATES MAGISTRATE JUDGE**

---

(W.D. La. 6/8/2017) (distinguishing *Griffin* and holding that intervening attorney was more properly aligned as a defendant intervenor).